UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BUGGS,<br><br>    Petitioner,<br><br>    v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>    Respondents. | Case No. 22-cv-06335 EJD (PR)<br><br>**ORDER OF DISMISSAL; GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*; DENYING REQUEST FOR APPOINTMENT OF COUNSEL AS MOOT**<br><br>(Docket No. 7, 10) |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state sentence out of San Diego County.[1] Dkt. No. 1. Petitioner filed a request for appointment of counsel, Dkt. No. 7, and a motion for leave to proceed in forma pauperis. Dkt. No. 10.

## BACKGROUND

Petitioner pleaded guilty in San Diego County Superior Court, to California Penal Codes §§ 187(a) and 12022. Dkt. No. 1 at 2. Petitioner was also sentenced under the three strikes law, and sentenced on November 4, 2014, to thirty-one years to life. Id. at 1-2.

---

[1] The matter was reassigned to this Court on November 14, 2022. Dkt. No. 9.

      Petitioner did not seek a direct appeal. Dkt. No. 1 at 2. However, Petitioner filed a petition to recall his sentence ("SB1437") in the state appellate court. Dkt. No. 1 at 3. The petition was denied in March 2019. Id. Petitioner indicates that he did not pursue the matter to the state high court. Id.

      Petitioner filed this federal habeas action on October 21, 2022.

## DISCUSSION

### A. Exhaustion

      Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b)-(c). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. Duckworth v. Serrano, 454 U.S. 1, 3-5 (1981). Before he may challenge either the fact or length of his confinement in a habeas petition in this Court, petitioner must present to the California Supreme Court any claims he wishes to raise in this court. See Rose v. Lundy, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. See id., 455 U.S. at 510; Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988).

      Petitioner indicates that he did not pursue review in the state high court, either on direct appeal or on his more recent petition for recall of his sentence. See supra at 2-3. Accordingly, it is clear from the petition that Petitioner did not present the claims from the instant petition to the California Supreme Court, either on direct appeal or in a state habeas action, before filing this action. Therefore, the petition is not ripe for federal review because Petitioner has still not exhausted his state remedies. See Rose, 455 U.S. at 522. Therefore, this petition should be dismissed without prejudice to Petitioner filing a new

federal habeas corpus petition once state remedies have been exhausted.

## CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus is **DISMISSED** for failure to exhaust state remedies.  See Rose, 455 U.S. at 510.  The dismissal is without prejudice to Petitioner refiling once he has exhausted state judicial remedies with respect to any cognizable claims raised.

Petitioner's motion for leave to proceed in forma pauperis is **GRANTED**.  Dkt. No. 10.  Petitioner's request for appointment of counsel is **DENIED** as moot.  Dkt. No. 7.

This order terminates Docket Nos. 7 and 10.

**IT IS SO ORDERED**.

Dated:     March 29, 2023

EDWARD J. DAVILA
United States District Judge